**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.  09-CV-02318-LTB

ROBIN K. ALBERT,

       Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

       Defendant.

**ORDER**

THIS MATTER is before me on review of the Commissioner's decision that denied Plaintiff's application for disability insurance benefits under the Social Security Act.  Plaintiff, Robin K. Albert, appeals the final decision of Michael J. Astrue, Commissioner of Social Security, denying her application for Social Security Disability benefits.  Oral argument would not materially assist the determination of this appeal. After consideration of the parties' briefs and the administrative record, and for the reasons set forth below, I reverse and remand.

    I.    <u>STATEMENT OF THE CASE</u>

In July 2005, Plaintiff applied for disability benefits because she suffered from alleged major depressive disorder and anxiety disorder that had prevented her from working since May 1, 2000.  Her application was denied initially.  Plaintiff requested a hearing before an ALJ.  Two hearings were held on July 2007 and August 2008. On September 17, 2008, the ALJ issued a decision denying Plaintiff's claim.  The Appeals

Council denied Plaintiff's request for review. Plaintiff timely filed this appeal seeking review of the Commissioner's final decision.

  II.  <u>STATEMENT OF FACTS</u>

  A.  Background

Plaintiff was born in 1977; she was 27 years old when she filed her application for SSI and was 31 years old on the date of the ALJ's decision. AR 25, 69. She has a high school equivalent education. AR 100. She has had no past relevant work. AR 24. As a child, her mother and father subjected her to physical and verbal abuse. AR 183. A cousin sexually abused her when she was five years old. AR 183. She was homeless at the age of 18. AR 216. She attempted suicide twice in 2003. AR 118, 191, 209, 221. Hospitals placed her on medical holds twice as a result. AR 118, 191, 209, 221. Plaintiff began treating with North Colorado Behavioral Health Center and has been off illegal drugs since 2004, verified as part of her probation following an arrest for domestic violence. AR 184.

  B.  Law

A five-step sequential evaluation process is used to determine whether a claimant is disabled under Title II and Title XVI of the Social Security Act which is generally defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(B); *see also Bowen v. Yuckert*, 482 U.S. 137, 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

Step One is whether the claimant is presently engaged in substantial gainful

activity. If she is, disability benefits are denied. See 20 C.F.R. §§ 404.1520, 416.920. Step Two is a determination whether the claimant has a medically severe impairment or combination of impairments as governed by 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is unable to show that his medical impairment(s) would have more than a minimal effect on her ability to do basic work activities, she is not eligible for disability benefits. Step Three determines whether the impairment is equivalent to one of a number of listed impairments deemed to be so severe as to preclude substantial gainful employment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not listed, she is not presumed to be conclusively disabled. Step Four then requires the claimant to show that her impairment(s) and assessed residual functional capacity ("RFC") prevent him from performing work that she has performed in the past. If the claimant is able to perform her previous work, the claimant is not disabled. See 20 C.F.R. §§ 404.1520 (e)&(f), 416.920(e)&(f). Finally, if the claimant establishes a prima facie case of disability based on these four steps as discussed, the analysis proceeds to Step Five where the Commissioner has the burden to demonstrate that the claimant has the RFC to perform other work in the national economy in view of her age, education and work experience. See 20 C.F.R. §§ 404.1520(g), 416.920(g).

    C.    ALJ's Ruling

The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 14, 2005. AR 19. The ALJ next determined that Plaintiff had the following severe impairments: major depressive disorder and anxiety. The ALJ also found that Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P Appendix 1. AR 21. The ALJ went on to

find that Plaintiff had the residual functional capacity (RFC) to do the following: perform a full range of work at all exertional levels; perform simple, repetitive tasks; not work closely with the general public; and only infrequently work with supervisors and co-workers. AR 22. The ALJ found that Plaintiff had no relevant work experience. AR 24. At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, for example, the unskilled, medium job of janitor. AR 24. The ALJ found that there were unskilled, light and sedentary jobs existing in significant numbers in the national economy that Plaintiff can perform. AR 24. Finally, the ALJ found that Plaintiff was not disabled within the meaning of the Act. AR 25.

### III.    STANDARD OF REVIEW

This court's review is limited to whether the final decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Williamson v. Barnhart*, 350 F.3d 1097, 1098, 60 Fed. Appx. 729 (10th Cir. 2003); *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001); *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000). Thus, the function of my review of the factual findings is to determine whether they "are based upon substantial evidence and inferences reasonably drawn therefrom; if they are so supported, they are conclusive upon [this] reviewing court and may not be disturbed." *Trujillo v. Richardson*, 429 F.2d 1149, 1150 (10th Cir. 1970). With regard to the application of the law, reversal may be appropriate when the SSA Commissioner either applies an incorrect legal standard or fails to demonstrate reliance on the correct legal standards. *See Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

IV.    ISSUES ON APPEAL

    A.    Whether the ALJ committed an error of law and his decision was not supported by substantial evidence when he held that Plaintiff had engaged in a variety of activities that contradicted the opinions of Dr. Thye.

Plaintiff underwent a psychological consultive examination performed by Dr. Thye, in December 2007. AR 252-57. Dr. Thye diagnosed Plaintiff with major depressive disorder, recurrent, severe; posttraumatic stress disorder; panic disorder with agoraphobia; generalized anxiety disorder; and borderline personality disorder. Dr. Thye assigned a GAF of 47, which indicates "serious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupation, or school functioning (e.g., no friends, unable to keep a job)". American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed. Text Revision 2000). Dr. Thye also noted that if Plaintiff had to work near strange men, her ability to do so would by markedly impaired.

He completed an assessment of Plaintiff's ability to work-related mental activities, finding that she had no restrictions in the ability to understand, remember, and carry out simple instructions; "mild to marked" restrictions in the ability to understand carry out complex instructions; "marked" restriction in the ability to make judgments on complex work-related decisions; "marked" restriction in the ability to interact appropriately with the public; and "moderate" restrictions in the ability to interact appropriately with supervisors and co-workers, and to respond appropriately to usual work situations and to changes in a routine work setting.

Plaintiff argues that several of the ALJ factual findings were not supported by substantial evidence in the record.  Plaintiff argues that the ALJ erroneously found the following: (1) that she successfully completed the requirements of Probation, which included community service; (2) that she attends medical appointments for medication checks and therapy regularly; (3) that she "completed three semesters of community college, and has not returned due to financial difficulty, not due to her impairments"; (4) that she "does not live in a highly supportive environment.  She has not shown a complete inability to function outside her home"; (5) that her "assertions that she is incapable of work are inconsistent with her range of activities; (6) she lives alone, makes her own meals and cleans her own house; (7) she maintains a hobby, watches TV and DVDs that she borrows; (8) "the overall picture of [Plaintiff's] abilities demonstrates a young woman capable of taking care of herself, meeting the stressful demands of probation, and able to communicate her intelligence and fund of knowledge effectively to adult males such as Dr. Thye"; (9) and that her only objective medically-determined limitations appears to her memory and this impairment does not preclude simple, repetitive work, at which she will likely be successful.

As to the first factual error alleged by Plaintiff, I agree with Defendant that the record reflects significant factual inconsistencies.  Plaintiff has previously stated that 1) she did not attend domestic violence classes because she could not afford them; 2) she was unable to complete community service due to difficulty leaving her house and that her probation had been revoked; and 3) one month later that she was on probation and saw her probation officer biweekly. AR 218, 151.  Then in January 2005, she stated that she had appeared before a court and was no longer on probation.  AR 146.  Based on

6

these conflicting statements by Plaintiff, it was not improper for the ALJ to determine that she had successfully completed her probation.

The evidence on the record also supports the ALJ's finding that Plaintiff "completed three semesters of community college, and has not returned due to financial difficulty, not due to her impairments." Plaintiff told a North Range Behavioral Health evaluator in 2003 that she dropped out of community college because she lost her financial aid and that she was not working because her husband would not let her.

I agree with Plaintiff that Plaintiff's ability to live alone, make her own meals, clean her own house, watches TV and DVDs does not qualify as the ability to do substantial gainful activity. *See Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir.1989) (citations omitted). Additionally, the ALJ's finding that Plaintiff is "able to communicate her intelligence and fund of knowledge effectively to adult males, such as Dr. Thye, whom she does not know well" is not at all supported by evidence in the record. The fact Plaintiff attended an examination which was required by the Social Security Administration where she was able to have a chaperone does not support a finding that Plaintiff is capable of regular communication with adult males in a work setting or that she was exaggerating her symptoms. Further, based on Plaintiff's therapist Ms. Pfifer's June 2009 statement that Plaintiff frequently missed appointments due to her condition and that for the past two years, therapy appointments took place at home, I find that the evidence does not support the ALJ's finding that Plaintiff attended therapy appointments regularly.

Plaintiff contends that the above alleged errors culminated in the ALJ finding that she overstated her limitations and provided the reasoning for the ALJ discounting Dr.

Thye's opinion that "Plaintiff's ability to relate to the public is currently moderately to markedly impaired, due to severe depression and suicidality, panic disorder with agoraphobia, generalized anxiety, and difficulty regulating her affect and relationships due to borderline personality symptoms." AR 256. Plaintiff asserts that the ALJ's discounting of Dr. Thye's opinion based upon "her current variety of activities of daily living, evidence of intact social function, and ability to concentrate contradict Dr. Thye's assessment" is the result of speculation rather than actual evidence. Plaintiff argues the ALJ erroneously found that her only objective medically-determined limitation appears to be her memory and that this impairment does not preclude simple, repetitive work.

While it is not entirely clear from the framing of Plaintiff's argument, she is essentially arguing that the ALJ improperly assessed her Residual Functional Capacity (RFC). "[T]he ALJ, not a physician, is charged with determining a claimant's residual functional capacity from the medical record." Howard v. Barnhart, 379 F.3d 945, 949 (10th Cir. 2004). The determination of RFC is an administrative assessment, based upon all the evidence of how the claimant's impairments and related symptoms affect her ability to perform work-related activities. *See Young v. Barnhart*, 146 F. Appx. 952, 955 (10th Cir. 2005) *citing* Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *2, *5. The final responsibility for determining RFC rests with the Commissioner, based upon all the evidence in the record, not only the relevant medical evidence. *Id.* (Internal citations omitted). The ALJ's determination of a claimant's RFC must be supported by substantial evidence in the record.

Here, the ALJ's determination of Plaintiff's RFC is necessarily flawed as a matter of fact and law as a result of the errors previously cited in this Order.  Specifically, the ALJ's determination that Plaintiff is overstating her symptoms based on her daily activities by her ability to conduct an examination with Dr. Thye is not supported by substantial evidence in the record.  Further, as these determinations formed the basis for the discounting of Dr. Thye opinion and GAF score, remand is necessary to re-assess Plaintiff's credibility. On remand, additional consideration should be given to the opinion of Dr. Thye.  I also agree with Plaintiff that the ALJ's finding that Plaintiff's only "objective medically-determined limitation appears to be her memory" is contradicted by the ALJ's other findings in the record that Plaintiff's "primary symptoms of sleep disturbance, low energy, concentration problems, and unwillingness to leave her house limit her ability to function in the workplace."  On remand, the ALJ is directed to clarify this issue and specify the evidence supporting findings (2) and (4) through (9) set forth above.

It is therefore ORDERED that the Commissioner's decision is reversed and remanded for further proceedings.

Dated: January __4__, 2011.
                                                    BY THE COURT:

                                                      s/Lewis T. Babcock
                                                    Lewis T. Babcock, Judge